IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION


KENNETH L. STOREY,                          )
                                            )
        Plaintiff,                          )
                                            )
VS.                                         )          No. 14-1098-JDT-egb
                                            )
DERRICK SCHOFIELD, ET AL.,                  )
                                            )
        Defendants.                         )

_____

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND FOR CLASS CERTIFICATION

_____


On April 24, 2014, Plaintiff, Kenneth L. Storey, Tennessee Department of Correction

("TDOC") prisoner number 237064, an inmate at the Hardeman County Correctional Facility in

Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by

motions seeking leave to proceed *in forma pauperis* and the appointment of counsel.  (ECF Nos. 1,

2 & 3.)  The Court issued an order on April 28, 2014 granting leave to proceed *in forma pauperis*

and assessing the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-

(b).  (ECF No. 5.)

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any

person unable to afford counsel."  However, "[t]he appointment of counsel in a civil proceeding is

not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd*

*v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel

appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir.

1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th

Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . .").

Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*,

992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether

'exceptional circumstances' exist, courts have examined the type of case and the abilities of the

plaintiff to represent himself. This generally involves a determination of the complexity of the

factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted).

Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his

chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir.

1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same).[1]

Plaintiff has not satisfied his burden of demonstrating that the Court should exercise its

discretion to appoint counsel in this case. For the reasons stated below, the case is not properly

brought on behalf of a class. The motion for appointment of counsel is DENIED.

Plaintiff purports to sue on his own behalf and on behalf of all other similarly situated

prisoners in TDOC custody. (ECF No. 1 at 1, 3.) A party in federal court must proceed either

through licensed counsel or on his own behalf. 28 U.S.C. § 1654. A *pro se* litigant can only

represent his own interests, *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2003), and can

only sign pleadings on his own behalf, *Garrison v. Fleet Fin., Inc.*, No. 97-6422, 1999 WL 282626,

at *1 (6th Cir. Apr. 30, 1999) ("The signing and filing of a notice of appeal on behalf of another by

a person who is not a qualified attorney is ineffective to vest an appellate court with jurisdiction.");

*Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear

---

[1] These factors are important, because § 1915(e)(1) "does not authorize the federal courts
to make coercive appointments of counsel" to represent indigent civil litigants. *Mallard v.
United States Dist. Ct.*, 490 U.S. 296, 310 (1989).

*pro se* on his own behalf, he has no authority to appear as an attorney for others than himself."
(internal quotation marks and alteration omitted)); *Cochran v. Nelson*, No. 93-3521, 1994 WL
28648, at \*3 (6th Cir. Feb. 1, 1994) ("Because Virgil Cochran is not an attorney, he may not
represent his son in federal court."); *Peak v. Smith*, No. 91-5902, 1992 WL 60194, at \*1 (6th Cir.
Mar. 27, 1992) ("[W]e recognize this appeal as brought only by plaintiffs Peak and Crowhorn as
they were the only parties to sign the notice of appeal. . . . In addition, Peak and Crowhorn are not
permitted to plead or conduct the case for others because they are not attorneys. Therefore, the only
plaintiffs before this court as appellants are Peak and Crowhorn." (citations omitted)). Therefore,
Plaintiff, a *pro se* litigant, cannot prosecute this case as a class action.[2] Leave to certify a class of
prisoners is DENIED. The Clerk is directed to modify the docket to reflect that Plaintiff is suing
only on his own behalf.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] The Court declines to use its Pro Bono Panel to recruit class counsel.