IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| KENNETH L. STOREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 14-1098-JDT-egb |
| ) | |
| DERRICK SCHOFIELD, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DENYING MOTION TO RECONSIDER

The *pro se* prisoner Plaintiff, Kenneth L. Storey, filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On April 8, 2016, the Court issued an order dismissing the complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(1) and entered judgment. (ECF Nos. 10 & 11.) Plaintiff filed a motion to reconsider on April 25, 2016. (ECF No. 12.) The Court construes Plaintiff's motion as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and/or a motion for relief from judgment under Rule 60(b).

The purpose of Rule 59(e) is to allow a district court to correct its own mistakes. *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). It "is not intended to relitigate matters already decided by the Court." *Windsor v. A Federal Executive Agency*, 614 F. Supp. 1255, 1264 (M.D. Tenn. 1983), *aff'd*, 767 F.2d 923 (6th Cir. 1985). A court may alter or amend its judgment because of an intervening change in the controlling law,

newly discovered evidence, or to correct a clear error of law or prevent a manifest injustice. *Franklin v. Francis*, 36 F. Supp.2d 1008, 1010 (S.D. Ohio 1999) (citing *Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir.1973)). The granting of a motion under Rule 59(e) is within the sound discretion of the district court. *McMahon v. Libbey-Owens-Ford Co.*, 870 F.2d 1073, 1078 (6th Cir. 1989).

Under Rule 60(b) "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons":

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). For that reason, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Sataym Computer Servs., Ltd. v. Venture Global Eng'g, LLC*, 323 F. App'x 421, 427 (6th Cir. 2009) (quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

Legal errors fall within the definition of "mistake" under Rule 60(b)(1). *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000). However, Rule 60(b) is not intended to allow relief from judgment merely because Plaintiff is unhappy with the outcome. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

The Court has thoroughly considered Plaintiff's motion to reconsider and is unpersuaded that relief is warranted under either Rule 59(e) or 60(b). Therefore, the motion is DENIED.

IT IS SO ORDERED.

                                            s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE